PETERS *v.* DORR.

1. VENDOR AND PURCHASER—EFFECT OF ADDITION TO CONTRACT WITHOUT ADDITIONAL CONSIDERATION.

   Where vendor, owning easement in east one-half of brick wall wholly on adjoining lot on west, contracted to sell his own lot, and later, without additional consideration, added to contract ''and east one-half of wall of Lot No. 3,'' vendees, who knew character of vendor's right in said wall when addition was made, and who have had and will continue to have full enjoyment of easement for which they in fact contracted, did not obtain any different title by said addition from that originally conveyed.

2. SAME—FORECLOSURE—EQUITY.

   Where decree of immediate foreclosure would work hardship on vendees and be inequitable under circumstances, they are granted leave to pay accrued interest in three monthly payments, and thereafter continue payment of instalments provided in contract, and, on default, vendor to have leave to petition for decree of foreclosure.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 14, 1933. (Docket No. 3, Calendar No. 36,972.) Decided May 16, 1933.

Bill by James Peters and another against Charles Dorr and another for specific performance of a land contract. Cross-bill by defendants against plaintiffs for foreclosure. Decree for plaintiffs. Defendants appeal. Reversed and remanded.

*Barbour & Martin,* for plaintiffs.

*Bratton & Bratton,* for defendants.

FEAD, J. For many years prior to 1922 defendant Dorr owned the west half of lot 2 in a certain subdivision in Detroit. His father owned the east half of lot 3, adjoining lot 2 on the west. A 12-inch solid brick wall over 32 feet high and 60 feet long stood on the east line of lot 3, wholly on such lot. Dorr erected a two-story brick building for store and living purposes on his premises, using the wall on his father's lot as the west wall of his building. For a consideration his father executed to him a writing granting:

"Use of easterly six inches of wall * * * to stand till wall burns down to the ground, six inches by 60 feet deep."

In 1922 defendants sold their lot to plaintiffs on contract, describing the property as:

"West one-half of lot two situated in the south side of Michigan avenue. * * * Better known as brick store and flat, No. 2109 Michigan Avenue."

A few years later, Dorr, Sr., having died, the east half of lot 3 was sold to S. C. Brasch. Brasch attempted to put advertising signs on the wall, plain-

tiff Peters objected, and trouble arose. Brasch commenced suit to enjoin plaintiffs from interfering with the sign and his enjoyment of the wall, and had decree in February, 1926.

While the suit was pending, Peters had the property surveyed. He appealed to Dorr for help in his suit against Brasch. Dorr showed him the paper writing he had from his father. Peters took it, but was not satisfied to use only the instrument, and wanted something written into his contract. Dorr, in his own handwriting, added to the description in Peters' copy of the contract the words:

"And east one-half of wall of lot No. three, situated on south side Michigan avenue between Wabash avenue and 14th avenue. Barn back of store 17 x 20 walls on both sides belong to him entirely."

On his own copy of the contract Dorr wrote:

"Use of easterly six inches of wall," etc., in words of the grant from his father.

Plaintiffs made the contract payments until August 27, 1930, when they filed this bill for specific performance of the contract to convey the east half of the wall, or in lieu thereof, to recover damages to be credited on the contract price. Defendants filed cross-bill for foreclosure. Plaintiffs had decree for $900.

The testimony leaves unexplained the reason for the discrepancy in the reference to the wall in the copies of the contract. We are left to speculation whether the writing on plaintiffs' copy was by mistake, because the parties considered that the form would afford plaintiffs a better defense to the Brasch suit than a conveyance merely of the use or otherwise.

It does not appear that there was any misrepresentation or fraud with relation to the wall in nego-

tiating the contract. There was no consideration for the later addition to the description. It was not claimed that the addition was made to correct the contract nor to express the original understanding of the parties. Plaintiffs knew the character of Dorr's right in the wall when the addition was made. The imperative inference is that the parties intended the addition to have the effect of formally conveying Dorr's right to plaintiffs, not to contract a different title binding upon the parties. Plaintiffs have had and will continue to have full enjoyment of the easement for which they in fact contracted. We find no basis for damages to plaintiffs.

Decree is reversed, with costs.

Decree was entered herein in September, 1932. Plaintiffs won in the circuit court. A decree of immediate foreclosure would work a hardship on plaintiffs and be inequitable under the circumstances. A decree may be entered providing that plaintiffs pay the accrued interest in three monthly instalments and thereafter continue payment of the instalments provided in the contract, and, on default, defendants have leave to petition for decree of foreclosure; the cause to be remanded to the circuit court for such further action.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.